1  FRANK E. MAYO/State Bar #42972
   Law Office of Frank E. Mayo
2  480 San Antonio Rd., Suite 230
   Mountain View, CA 94040
3
                                        FILED
4  (650) 964-8901
                                    2007 MAY 18 P 3: 36
5  Attorney for Plaintiffs                              #1
                                    RICHARD W. WIEKING    Fees Pd
6                                        CLERK           SI
                                    U.S. DISTRICT COURT
7                                   NO. DIST. OF CA. S.J.

8

9

10

11

12              UNITED STATES DISTRICT COURT

13            NORTHERN DISTRICT OF CALIFORNIA

14
   PEDRO LAVARIAS and NIEVES    )   C 07   02660   PVT
15 LAVARIAS,                     )   Case No.
                                 )
16         Plaintiffs,           )   **COMPLAINT FOR DAMAGES**
                                 )   **FOR MONEY HAD AND**
17 vs.                           )   **RECEIVED, FOR IMPOSITION**
                                 )   **OF A CONSTRUCTIVE TRUST,**
18 JAYDENE BARROGA and EDGAR.    )   **BREACH OF CONTRACT, ELDER**
19 BARROGA ,           ,         )   **ABUSE, ATTORNEY FEES, AND**
                                 )   **EXEMPLARY DAMAGES**
20         Defendants.           )
                                 )   JURY TRIAL DEMANDED
21 _____ )

22

23     Plaintiffs make complaint against Defendants and each of them and for causes of action

24 allege as follows:

25                        COUNT ONE

26                     Breach of Contract

27     1.     Jurisdiction of this matter is conferred on this court because there is diversity of

28 citizenship between Plaintiffs and Defendants. Plaintiffs now are residents of the City of Mountain

                                    1

View, County of Santa Clara, State of California. Defendants Jaydene Barroga and Edgar Barroga now are residents of the City of Las Vegas, State of Nevada.

2.    Venue is properly in this District because Plaintiffs reside in the County of Santa Clara, State of California.

3.    Jaydene Barroga is the daughter of Plaintiffs, Defendant Edgar Barroga is now and was at all times herein mentioned the spouse of Jaydene Barroga.

4.    On or about January 1, 2000 Plaintiffs were the owners of residential real property in the County of Santa Clara, State of California.

5.    On or about January 1, 2000 Plaintiffs and Defendants entered into an oral agreement whereby Defendants represented to and agreed with Plaintiffs as follows:

      a.    Plaintiffs would sell the residential real property owned by them in the County of Santa Clara, State of California and would relocate to the City of Las Vegas with Defendants Jaydene Barroga and Edgar Barroga.

      b.    The net sales proceeds derived from the sale of Plaintiffs' residential real property in Santa Clara County, State of California would be used to acquire two residential units in the City of Las Vegas, State of Nevada.

      c.    Title to each unit purchased in the City of Las Vegas would be in the name of Plaintiffs with Plaintiffs residing in one of the units and Defendants the other.

      d.    Each parcel purchased would be financed in part by a note and deed of trust

      e.    Defendants would make all payments required to be made. on the note secured by the deed of trust on the residential unit occupied by them.

6.    On or about January 30, 2000 Plaintiffs consummated the sale of their residential real property in Santa Clara California and transmitted the net sales proceeds derived from the sale

2

of this property to Defendants for the purpose of securing and acquiring two residential living units in the City of Las Vegas and State of Nevada.

7.    At the time said funds were delivered to Defendants and each of them Defendants represented to Plaintiffs and each of them that Defendants would use the funds entrusted to Defendants by Plaintiffs to acquire two residential units in Las Vegas, Nevada and in the name of Plaintiffs, that Defendants would occupy one of the units and Plaintiffs the other with Defendants making all payments called for by the Promissory Note secured by a Deed of Trust on the unit occupied by them.

8.    In reliance of the representations and set forth in paragraph 5 and 7 Plaintiffs did deliver to Defendants and each of them did prior to March 1, 2000 deliver to Defendants and each of them the net sales proceeds generated from the sale of their residential real property in Mountain View, California, which sum was in the amount of $365,000.

9.    On or about March 22, 2000 Defendants utilizing the funds entrusted to them by Plaintiffs purchased two residential units in Las Vegas, Nevada. The first residential unit was located at 11033 Alora St., Las Vegas, Nevada, 89141. Title to said property was conveyed to Plaintiffs Pedro and Nieves Lavarias at close of escrow with approximately $35,000 of Plaintiffs' money being used as and for Plaintiffs' initial investment in said property.

10.    The second residential unit was located at 10779 Vemoa St., Las Vegas, Nevada was acquired on or about April 22, 2000 with $100,000 of funds entrusted by Plaintiffs to Defendants used as and for the initial acquisition of said property with the balance of the purchase price being financed by a note secured by deed of trust on said property.

11.    At the time Plaintiffs acquired title to the property located at 11033 Alora St. Plaintiffs had a fixed income consisting of Social Security income and retirement benefits from Pedro Lavarias' employment. Defendants and each of them did at the time Plaintiffs acquired title to

3

the above described property represent to Plaintiffs that should Plaintiffs provide Defendants income they received from Social Security and Pedro Lavarias' former employment, these checks would be utilized to pay any debt service incurred on the property held in the name of Pedro and Nieves Lavarias in Las Vegas, Nevada and that any funds not so utilized for debt services would be retained for the benefit of Plaintiffs.

12.    At the time the property located at 10779 Vemoa St., Las Vegas, Nevada transferred to Defendants Jaydene Barroga and Edgar Barroga, said defendants did represent to Plaintiffs that, Defendants would make all payments called for by the Note and Deed of Trust secured by said residential real property and would hold this residential real property for the benefit of Plaintiffs. Defendants further represented that upon Plaintiffs' request said property would be sold and the net proceeds derived from the sale would be delivered to Plaintiffs.

13.    Plaintiffs relied on said representations did permit Defendants to utilize the sales proceeds generated by their home in Santa Clara County to be used for the purchase of the above described  two residential units and did from during the period from April 2002 to and including approximately June of 2006 give to Defendants each Social Security check received by Plaintiffs from the United States Social Security Administration and Plaintiff Pedro Lavarias' retirement checks received from his former employer for the purpose of making payment on the note secured by the first deed of trust on the residential unit he occupied in Las Vegas, Nevada.

14.    The representations made by Defendants as set forth in paragraph 11 were in fact false in that Defendants had no intention of holding the property located at 10779 Vemoa St, Las Vegas for Plaintiffs. Instead, Defendants and each of them intended to hold the residential real property Vemoa St. for their own benefit and either sell the residential real property and misappropriate the net sale proceeds generated through said sale or pledge the real property as security for loans and misappropriate any loan proceeds generated.

4

15.    Plaintiffs were ignorant of the falsity of said representations and only in reliance on them did Plaintiffs engage in and the permitting of the sale of their residential property in Santa Clara County, California and permit Defendants to take title to the residential real property located at 10779 Vemoa Dr., Las Vegas in their own name.

16.    As a direct result of the fraud of Defendants and each of them as herein above described, Plaintiffs have been damaged in a sum within the jurisdictional limits and in excess of $75,000. Because, during the period from March 25, 2003 to and including June 20, 2005 Defendants have engaged in a series of transactions whereby they obtained loans secured by the residential real property at 10779 Vermoa St. Las Vegas, Nevada and misappropriated the loan proceeds for their own use and benefits, said loans proceed for their own use and benefit. Said loans consisted of the following:

      a.    On March 25, 2003 Defendants and each of them borrowed $170,000 from the Homeowner Loan Corporation and appropriated the loan proceeds for their own benefit.

      b.    On March 22, 2004 Defendants and each of them borrowed the sum of $208,000 from Full Spectrum Lending Inc. misappropriating a net loan proceeds for their own use and benefit;

      c.    On June 20, 2005 Defendants and each of them borrowed the sum of $322,500 from World Savings Bank and misappropriated the net loan proceeds for their own use and benefit.

17.    In December of 2006 Plaintiffs discovered the fraud of Defendants and each of them and demanded they be paid all net loan proceeds received from said transactions.

18.    Defendants have refused to do so.

## COUNT II

5

Breach of Oral Contract

19.     Plaintiffs incorporate herein by reference Count I of this Complaint as through set forth in full.

20.     Plaintiffs performed each and every term and condition of the contract on their part to be performed.

21.     During the period from April 5, 2003 through June 20, 2005 Defendants and each of them engaged in a course of conduct as set forth in paragraph 15 which was in breach of the oral agreement they made with Plaintiffs in that Defendants during the period from March 25, 2003 through June 20, 2005

22.     As a result of the breach of contract by Defendants as herein above described Plaintiffs have been damaged in a sum in excess of the $75,000.

COUNT III

Breach of the Implied-in-Law Covenant of Good Faith and Fair Dealing

23.     Plaintiffs incorporate herein by reference Count I and II of this complaint as though set forth in full.

24.     The contract entered into between Plaintiffs and Defendants had an implied-in-law covenant of good faith and fair dealing whereby Defendants and each of them covenanted and agreed in law to do nothing to deprive Plaintiffs of the benefits of the bargain made.

25.     The acts of Defendants as herein above described were in breach of that covenant of good faith and fair dealing.

26.     As a result of the breach of the covenant of good faith and fair dealing as herein above described Plaintiffs have been damaged in an amount in excess of $75,000.

COUNT IV

For Money Had and Received

6

27.    Plaintiffs incorporate by reference Counts I through III of this complaint as though set forth in full.

28.    Within the past four years Defendants and each of them came indebted to Plaintiffs in the sum of $400,000 for money had and received by Defendants for the use and benefit of Plaintiffs.

29.    Plaintiffs have demanded payment from Defendants.

30.    No payment has been made by Defendants to Plaintiffs and Defendants are now owing to Plaintiffs the sum of $400,000 with interest thereon at the rate 10% per year from April 10, 2006.

COUNT FIVE

Breach of Contract

31.    Plaintiffs incorporate herein by reference Count I of this complaint as though set forth in full.

32.    On or about September 1, 2006 Defendants and each of them breached the oral agreement they made with Plaintiffs in the following manner:

a.    Defendants and each of them induced Plaintiffs to sell their residential real property at 1033 Alora St., Las Vegas, Nevada on April 21, 2004 for the sum of $265,000. At the time said sale was negotiated Defendants and each of them did orally agree that Plaintiffs and each of them that the net sales proceeds generated from the sale of said property would be held by Defendants and each of them for the benefit of Plaintiffs.

b.    Upon Plaintiffs request on or about December 1, 2006 Plaintiffs and each of them requested Defendants transfer to Plaintiffs the net proceeds generated for the sale of residential real property at 1033 Alora. Defendants and each of them refused to do so.

33.    As a direct and proximate result of the breach of contract by Defendants as herein

7

above described Plaintiffs have been damaged in a sum within the jurisdictional limits of this court.

COUNT VI

Breach of Contract

34.    Plaintiffs incorporate by reference Counts I and V of this complaint as though set forth in full.

35. On or about April 21, 2004 Plaintiffs sold the residential unit located at 1033 Alora St., Las Vegas, Nevada to Takeya Maruyama for the sum of $265,000. At the time said sale was consummated Defendants and each of them represented to Plaintiffs that Defendants would hold the net sale proceeds resulting from said sale for the use and benefit of Plaintiffs. Said representation was in fact false. Defendants and each of them had a secret intent to misappropriate the net sale proceeds for their own use and benefit.

36.    Plaintiffs were ignorant of the falsity of Defendants representation at the time they were made and in reliance on them entrusted the net sale proceeds to Defendants and each of them.

37.    On or about December 1, 2006 Plaintiffs and each of them made demand for Defendants to provide Plaintiffs the net sale proceeds generated from the sale of the residential unit as above described. Defendants failed and refused to do so.

38.    As a direct and proximate result of the fraud of Defendants as herein above described Plaintiffs have been damaged in a sum within the jurisdictional limits of this court.

COUNT VII

For Imposition of a Constructive Trust

39.    Plaintiffs incorporate by reference Count I through VII of this complaint as though set forth in full.

40.    By virtue of Defendants wrongful acts as herein above alleged they hold the residential real property located at 1033 Alora Street, Las Vegas, Nevada as constructive trustee for

8

the benefit of Plaintiffs and hold all funds of Plaintiffs as constructive trustee for Plaintiffs.

## COUNT VIII

### For the Assessment of Exemplary Damages

41.    Plaintiffs incorporate herein by reference Counts II and V of this complaint as though set forth in full.

42.    The fraudulent acts of Defendants warrant the assessment of exemplary damages in a sum according to proof.

## COUNT IX

### For Elder Abuse

43.    Plaintiffs incorporate herein by reference Counts I through VIII as though set forth in full.

44.    Plaintiffs are over the age of 75 years of age.

45.    Defendants are liable for elder abuse under California Statute because they breached their fiduciary duty to Plaintiffs and financially abused them causing Plaintiffs mental pain and suffering by misappropriating and retaining personal and real property belonging to Plaintiffs with intent to defraud Plaintiffs.

46.    Under California Civil Code Section 2394 Defendants are liable for punitive damages further more the acts of Defendants' intentional and not dischargeable in bankruptcy.

47.    Plaintiffs should be awarded costs and attorney fees in this action as permitted by law and pursuant to California Welfare and Institution Code Section 115657.05.

WHEREFORE Plaintiffs pray judgment against Defendants as follows:

        1.    For Plaintiffs general damages according to proof;

        2.    For the imposition of a constructive trust;

        3.    For attorney fees;

9

4.    And exemplary damages in a sum according to proof.

Dated: May 5, 2007

_____

Frank E. Mayo, Attorney for
Plaintiffs

COMPLAINT FOR DAMAGES